# NEW YORK COMMON PLEAS.

## Donohue agt. Hicks.

Until the time (ten days) or its extension expires, to file the *case* after settlement, it *cannot be noticed for argument*. Extending the time to file a case is equivalent to extending the time to *print*.

Where the respondent served his notice of motion to strike the cause from the calendar, and for judgment, within the ten days which the appellant had to file his case, *held* irregular.

*General Term, August,* 1861.

*Before* DALY, BRADY *and* HILTON, *Judges.*

MOTION to set aside an order striking the cause from the calendar and judgment by default.

By the court, BRADY, J. The case was settled by the referee on the 31st March, 1861, and the defendant had ten days within which to file the same from that date. The ten days would have expired with the 9th April following. The object of allowing the ten days is to enable the appellant to prepare a copy of the case as settled, from which to print. The rules of the court make no provision for the time within which a case must be printed after it is settled, or within what time after such settlement a notice of argument may be served. It may often happen that a general term will assemble within eleven days after the settlement of the case; and if so it could not be expected that the case would be filed and printed and copies served eight days prior to the commencement of the term, as would seem to be contemplated by rules thirty-seven and forty-three. This would be an allowance of three days only for this duty. I think, until the time expires to file the case, it cannot be noticed for argument, and that, in this case, the time to file the case having been extended until the 19th April, the notice of argument for the April term, and which commenced on the 16th day of April, did not impose upon the appellant the duty of serving copies of the case eight days before the first day of the term. Extending the time to file is equivalent to extending the time to print. The respondent served his notice of motion to strike the cause from the calendar and for judgment on the 9th April, the day on which the appellant's time to file the case would have expired had it not been extended by order. Such a service cannot be regular. It cannot be that an appellant, during the running of that ten days, can be subjected to any such motion. The appellant should have appeared on

the motion, however, noticed by the respondent, and, therefore, no costs will be granted on setting aside the default and judgment which were taken in his absence, although the respondent is in fault. Whatever may be determined to be the rule in other cases which may arise, embracing the question as to the time within which a party is compelled to prepare and serve his printed cases, it is clear in this case that the respondent's motion was premature, and that the motion made by him was improperly granted. The order made thereon must, therefore, be vacated, but without costs.